UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | | |
|---|---|---|
| ROB SENGER, MIKE ELIASON, JEFF FIFERLICK, MARIO GOURDE, AUSTIN HEARNEN, ROB JOHNSON, BROOKS KLEFFMAN, TIM A. MEDENWALD, AND KEITH A. SHARISKY,<br><br>PLAINTIFF,<br><br>VS.<br><br>CITY OF ABERDEEN, SOUTH DAKOTA,<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. 04-1014-RHB<br><br><br><br>MEMORANDUM OPINION<br>AND ORDER |

I.   Introduction .................................................................... 1

II.  Background ..................................................................... 2
     A.   Facts ....................................................................... 2
     B.   Issue ....................................................................... 3

III. Discussion ...................................................................... 3
     A.   Fair Labor Standards Act:  29 U.S.C. § 207 ............................. 4
     B.   Implementing Rule: 29 C.F.R. § 553.31(a) ............................... 4
     C.   The City's Stand-In Policy .............................................. 6

IV.  Conclusion ..................................................................... 7

I.   Introduction

Plaintiffs filed a complaint against defendant claiming that defendant had violated the Fair Labor Standards Act ("FLSA" or "Act"), 29 U.S.C. § 201 et seq., for failing and refusing to provide plaintiffs with overtime compensation. This matter is before the Court on plaintiffs' motion for partial summary judgment as to liability, as well as on defendant's cross motion for

summary judgment. The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. §§ 1331 and 1337. Id. (federal question).

For the following reasons, plaintiffs' motion for partial summary judgment is denied, and defendant's motion for summary judgment is granted.

## II. Background

### A. Facts

Plaintiffs Rob Senger, Mike Eliason, Jeff Fiferlick, Mario Gourde, Austin Hearnen, Rob Johnson, Brooks Kleffman, Tim A. Medenwald, and Keith A. Sharisky are all either current or former fire fighters or employees of defendant City of Aberdeen, South Dakota ("City"). (Pls.' & Def.'s Joint Stat. Stip. Facts ("JSSF") ¶ 1.) The City, for use by its public agency employees, implemented a work substitution arrangement, whereby workers were permitted to switch hours with a substitute co-worker. (JSSF ¶ 3.) The City's substitution policy was embodied in a "Standard Operating Guideline," entitled as the "Stand-in Policy." (Aberdeen Fire Dep't Stand. Op. Policy, dated January 1, 1998, at 1. See infra Part III, § C, at 6.) The terms of the stand-in policy were incorporated in the joint statement of stipulated facts. (See JSSF ¶¶ 2-5.)

While working for the City, plaintiffs were scheduled to work hours in excess of the hourly limits prescribed under the Act. (Id. ¶ 2.) The hours that plaintiffs were scheduled to work would have resulted in overtime pay for plaintiffs. (Id. ¶ 5.) When plaintiffs elected to switch hours with a substitute co-worker as part of the substitution arrangement, plaintiffs, as the originally scheduled employees, were not paid overtime wages for their scheduled hours. (Id. ¶ 4.) Thus, the City did not compensate plaintiffs for their scheduled overtime that a substitute co-worker covered under the City's substitution program. (Id. ¶ 5.) In addition, the City did not

2

credit the substitute employee for the hours worked for the originally scheduled employee, nor did the City compensate or pay overtime to the substitute employee who worked another employee's scheduled hours. (Id. ¶ 6.) The originally scheduled employees, however, were credited with the overtime hours for the purposes of accruing paid leave, seniority, and benefits as if the employee had actually worked the overtime hours. (Id. ¶ 7.)

**B.     Issue**

Is the City of Aberdeen required to pay overtime for work performed as or by a substitute?

**III.   Discussion**

Plaintiffs argue that "the employee scheduled to work the shift in question should be credited with those shift hours for FLSA overtime purposes, even though a substitute employee actually worked those hours." (Pls.' P. & A. in Supp. of Summ. J. at 1.) According to plaintiffs, because the City "refuses to compensate the fire fighters for hours of work performed by a substitute as part of the approved stand-in exchange program[,]" and because the City does not "compensate the substitute fire fighter for the shift[,]" the City has violated provisions of the FLSA. (Id. at 1-2.) More specifically, plaintiffs seek damages and other remedies through two theories under the Act, asserting 1) that plaintiffs, as the originally scheduled employees, are entitled to overtime compensation for hours actually worked by a substitute; and, 2) when plaintiffs are the substituting employee, they are also entitled to overtime compensation. (Pls.' Compl. ¶ 8.)

The City, however, contends that the plain language of the Act is unambiguous and should be read to preclude employees from collecting overtime pay. (Def.'s Mot. in Supp. of

Summ. J. at 3-6.) Through its interpretation of the Act, the City argues that "the statute clearly states that voluntarily substituted hours are excluded from overtime calculations." (Id. at 4.) Furthermore, the City maintains its distinction that even though the originally scheduled employee is permitted to receive "credit" for the work performed by a substitute co-worker for purposes of accruing paid leave, seniority, and benefits, there is no obligation on the employer to "compensate" an employee for overtime. (Id.)

### A.   Fair Labor Standards Act:  29 U.S.C. § 207(p)(3)

Because the parties have filed a joint statement of stipulated facts, the Court need only resolve the questions of law. At issue in this case is § 207(p)(3) of the Act, which states:

> If an individual who is employed in any capacity by a public agency which is a State, political subdivision of a State, or an interstate governmental agency, agrees, with the approval of the public agency and solely at the option of such individual, to substitute during scheduled work hours for another individual who is employed by such agency in the same capacity, **the hours such employee worked as a substitute shall be excluded by the public agency in the calculation of the hours for which the employee is entitled to overtime compensation under this section.**

29 U.S.C. § 207(p)(3) (emphasis supplied). Since a City policy permits its fire fighters to substitute under the FLSA, this statute governs the Court's decision.

### B.   Implementing Rule:  29 C.F.R. § 553.31(a)

Pursuant to the Department of Labor's implementing rules of § 207(p)(3), 29 C.F.R. § 553.31(a) provides as follows:

> Section 7(p)(3) of the FLSA provides that two individuals employed in any occupation by the same public agency may agree, solely at their option and with the approval of the public agency, to substitute for one another during scheduled work hours in performance of work in the same capacity. **The hours worked shall be excluded by the employer in the calculation of the hours for which the substituting employee would otherwise be entitled to overtime**

4

> **compensation under the Act. Where one employee substitutes for another, each employee will be credited as if he or she had worked his or her normal work schedule for that shift.**

Id. (emphasis supplied).

Although section 553.31(a) refers to "each employee" being "credited," the plain language of § 207(p)(3) of the Act controls. The relevant portions of the Act state that "[i]f an individual who is employed in any capacity by a public agency . . . agrees . . . to substitute during scheduled work hours for another individual who is employed . . . in the same capacity, the hours such employee worked as a *substitute* shall be excluded . . . in the calculation of the hours" for the purpose of awarding overtime wages. Id. (emphasis added.) Accordingly, the substituting employee is explicitly precluded from receiving overtime compensation under § 207(p)(3) of the Act. Id.

In addressing plaintiffs' claim that the originally scheduled employee is entitled to overtime compensation for work actually completed by a substitute, § 207(p)(3) must then be read in conjunction with the Act's other overtime provisions. Section 207(a) requires the payment of overtime to those employees who have **worked** in excess of a statutorily prescribed period of time. See 29 U.S.C. § 207(a) (emphasis added).

Here, plaintiffs were scheduled to work in excess of the time prescribed by the FLSA, therefore entitling plaintiffs to overtime compensation for time spent in pursuit of the employer's needs. Plaintiffs, however, elected to substitute the hours scheduled with a stand-in co-worker, thereby allowing plaintiffs, the originally scheduled employee, to avoid any actual work. The substituting employee, then, would take on the burden to perform the work. The aim of the Act has been to "guarantee . . . overtime compensation for all *actual work* or employment."

Tennessee Coal, Iron & R. Co., 321 U.S. at 597, 64 S. Ct. at 703. See Jewell Ridge Coal Corp.,

325 U.S. at 167, 65 S. Ct. at 1067; <u>Skidmore v. Swift & Co.</u>, 323 U.S. 134, 136-37, 65 S. Ct. 161, 163, 89 L. Ed. 124 (1944); <u>Armour & Co. v. Wantock</u>, 323 U.S. 126, 132, 65 S. Ct. 165, 168, 89 L. Ed. 118 (1944).

### C. The City's Stand-In Policy

The Aberdeen Fire Department's Stand-In Policy provides as follows:

ABERDEEN FIRE DEPARTMENT
SUBJECT: STAND-IN POLICY
FROM: FIRE DEPARTMENT ADMINISTRATION
SOG#: 016
DATE: 1-1-98
DEFINITION: A "Stand-In" is an authorized, short term exchange of work schedule between employees with corresponding duties and working opposite shifts.
. . . .
PROCEDURES: GENERAL CONSIDERATIONS
A. . . . .
B.   A stand-in is understood to be an agreement where two employees are given permission to substitute for one another and to hold each other accountable for pay back of time to one another. The City shall incur no additional wage responsibility or accrue any additional benefit liability because of a stand-in.
C. . . . .
D.   A default in pay back of time shall be solely between the involved employees and shall not obligate the department for reimbursement.
E. [to O.] . . . .
P.   **Stand-in time will not be used in the computation of overtime pursuant to the Fair Labor Standards Act.**

(Aberdeen Fire Dep't Stand. Op. Policy, dated January 1, 1998, at 1-2 (emphasis supplied).)

Plaintiffs argue that each employee should be "credited as if he or she had worked his or her normal work schedule for that shift." 29 C.F.R. § 553.31. However, pursuant to 29 C.F.R. § 778.223, employees "must be compensated for all hours worked." <u>Id.</u> Again, plaintiffs are not

6

working. Plaintiffs, though, are being compensated at their regular rate of pay, as well as accruing paid leave, seniority, and benefits for the work that was performed by a substitute.

The intent of § 207 precludes the awarding of overtime compensation to those who do not actually work. Tennessee Coal, Iron & R. Co., 321 U.S. at 597, 64 S. Ct. at 703; Jewell Ridge Coal Corp., 325 U.S. at 167, 65 S. Ct. at 1067; Skidmore, 323 U.S. 134, 136-37, 65 S. Ct. 161, 163; Armour & Co., 323 U.S. 126, 132, 65 S. Ct. 165, 168. By not working, the scheduled employee cannot collect overtime wages. Therefore, because "[s]tand-in time will not be used in the computation of overtime pursuant to the [FLSA]," the City's stand-in policy does not conflict with the Act. Under its stand-in policy, the City is in full compliance in its refusal to pay overtime to those who do not actually work. To allow plaintiffs to collect overtime compensation would be in violation of the FLSA, as well as the City's Standard Operating Guideline.

V. **Conclusion**

Once plaintiffs relinquish a work shift (or part of a shift), plaintiffs are entitled to engage in their own personal pursuits once a co-worker has been substituted, thereby foregoing any opportunity to collect overtime compensation for work not actually performed. Moreover, the substituting employee is expressly excluded from receiving overtime compensation under the Act. Accordingly, it is hereby

ORDERED that plaintiffs' motion for partial summary judgment (Docket #48) is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (Docket #50) is granted.

Judgment is issued in favor of the defendant City of Aberdeen.

Dated this 16th day of September, 2005.

By The Court:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE